UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
-------------------------------------------------------
                                              :
LATEFAH SHAMPINE,                             :          CASE NO. 1:17-CV-0970
                                              :
            Plaintiff,                        :
                                              :
vs.                                           :          OPINION & ORDER
                                              :          [Resolving Doc. No. 1]
SARVER REALTY, *et al*.,                      :
                                              :
            Defendants.                       :
                                              :
-------------------------------------------------------

JAMES S. GWIN, UNITED STATES DISTRICT JUDGE:

*Pro se* Plaintiff Latefah Shampine filed this action against Sarver Realty, David Sarver, the Cities of East Cleveland, Cleveland Heights, Cleveland, and South Euclid, the Free Clinic and Recovery Resources. She alleges Sarver Realty stole and damaged her personal property during her 2007 eviction, and pursued criminal charges of menacing and stalking when she continued to seek retribution from them. She seeks monetary damages and an order requiring the Defendants to return all of her missing property.

**I. Background**

Chase Bank hired Sarver Realty to evict Plaintiff from her home in August 2007. Plaintiff claims Sarver's employees stole valuable property and damaged other items. She alleges she discovered the items were missing a year later in November 2008. She made

numerous attempts to get Sarver to return her property or compensate her for her loss from 2008 to the present. She contacted attorneys to bring lawsuits. She filed nine police reports against Sarver. She filed complaints against him with the Better Business Bureau, the Ohio Attorney General, the Ohio Board of Realtors, and the Federal Bureau of Investigation. Sarver then brought criminal charges against her for menacing and stalking. She claims she was arrested in 2009 by Cleveland Heights police even though she resided in East Cleveland. She was placed on probation.

Plaintiff indicates she was diagnosed incorrectly with paranoid schizophrenia. She contends Cuyahoga County Common Pleas Court Judge Kathleen Satula, and her probation officer worked together to have her medicated against her will as a term of her probation. She reported to the Free Clinic in March 2009 where she saw Dr. Munir who prescribed pills for her. She contends she is holistic and does not believe in taking medication, so she refused to take them. Dr. Munir reported to the court that Plaintiff needed more intense mental health treatment and case management service than she could provide, and referred her to Recovery Resource. There she was treated by Dr. Hernandez. Plaintiff contends Hernandez gave her a shot against her will. Plaintiff alleges she was healthy before the shot and now has diabetes, difficulty walking, pain on her left side, an irregular heart beat, and a lump on her right breast.

For legal claims, she simply lists in the case caption, "theft, racial discrimination, judicial abuse, fraud, slander, breach of contract, pain, suffering, emotional distress, disturbing the peace."[1] She asks the Court to order the Defendants to each pay her ten million dollars in

---

[1] Doc. No. 1 at 1.

damages. She also asks the Court to order Sarver to return all of her property .

## II. Legal Standard

Although the Court does not hold *pro se* pleadings to the same standard as those filed by attorneys, the Court is required to dismiss an *in forma pauperis* action under 28 U.S.C. §1915(e) if it fails to state a claim upon which relief can be granted, or if it lacks an arguable basis in law or fact.[2] A claim lacks an arguable basis in law or fact when it is based on an unquestionably meritless legal theory or when the factual allegations are clearly baseless.[3] A cause of action fails to state a claim upon which relief may be granted when it does not contain enough facts to suggest Plaintiff has a plausible claim that entitles him to the relief he seeks.[4] This does not mean a Plaintiff is required to allege the facts of his Complaint in great detail, but he still must provide more than "an unadorned, the-defendant-unlawfully-harmed-me accusation."[5] A Complaint that offers only legal conclusions or a simple listing of the elements of a cause of action will not meet this standard.[6] When reviewing the Complaint under § 1915(e), the Court must read it in a way that is the most favorable to the Plaintiff.[7]

---

[2]  *Haines v. Kerner*, 404 U.S. 519, 520 (1972); *Neitzke v. Williams*, 490 U.S. 319 (1989); *Sistrunk v. City of Strongsville*, 99 F.3d 194, 197 (6th Cir. 1996); *Lawler v. Marshall*, 898 F.2d 1196 (6th Cir. 1990).

[3]  *Neitzke*, 490 U.S. at 327.

[4]  *Ashcroft v. Iqbal*, 556 U.S. 662, 677-78 (2009).

[5]  *Iqbal*, 556 U.S. at 678.

[6]  *Id.*

[7]  *Bibbo v. Dean Witter Reynolds, Inc.*, 151 F.3d 559, 561 (6th Cir. 1998).

## III. Analysis

Plaintiff failed to properly state a federal cause of action in this case. Theft, judicial abuse, fraud, slander, breach of contract, pain, suffering, emotional distress, and disturbing the peace, arise if at all, under state tort law. They are not based on a violation of federal law. While some federal statutes provide a legal basis for racial discrimination claims, none of those statutes appear to be applicable with respect to the allegations against Sarver Realty, David Sarver, the Free Clinic and Recovery Resources. Claims for racial discrimination can be brought against municipalities under 42 U.S.C. § 1983; however, they can only be based on injuries caused by the municipality's own official custom or policy, and not solely on the actions of an employee.[8] Plaintiff indicates she was arrested by Cleveland Heights police even though she lived in East Cleveland. She claims a South Euclid police officer followed her and gave her a traffic ticket on April 11, 2011 for failing to use her turn signal and for a seat belt violation. Neither of these allegations suggests that the officers acted pursuant to an official custom or policy of the municipalities. There are no discernable allegations against the cities of Cleveland or East Cleveland.

## IV. Conclusion

Accordingly, Plaintiff's Application to Proceed *In Forma Pauperis* (Doc. No. 2) is granted and this action is dismissed pursuant to 28 U.S.C. § 1915(e). The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good

---

[8] *Monell v. New York City Dep't of Soc. Servs.*, 436 U.S. 658, 692-94 (1978).

faith.[9]

      IT IS SO ORDERED.


Dated: October 12, 2017                        *s/     James S. Gwin*
                                                    JAMES S. GWIN
                                                    UNITED STATES DISTRICT JUDGE

---

[9]    28 U.S.C. § 1915(a)(3) provides:

        An appeal may not be taken *in forma pauperis* if the trial court certifies that it is not taken in good faith.